**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

By: Michael I. Assad (#330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Debtor*

In re: Kia Venay Hutchinson,

*Debtor*.

| | |
|---|---|
| Case No.: | 26-12819-pmm |
| Chapter: | 13 |
| Hearing Date: | October 13, 2026 |
| Judge: | Patricia M. Mayer |

**Debtor's Response to Capital One Auto Finance's Objection to Confirmation of Chapter 13 Plan**

**AND NOW**, Debtor Kia Venay Hutchinson, through her attorney, responds to the Objection to Confirmation of Amended Chapter 13 Plan filed by Capital One Auto Finance, a division of Capital One N.A. on August 6, 2026 (ECF No. 26), and asks the Court to overrule it.

## I. Introduction

1. The Objection boils down to a $1,355 dispute over the value of a used Tesla. Capital One contends, without evidence, that it is worth $20,025, while the Debtor presents a CARFAX report showing it is worth $18,670. The remaining objections misread the Plan, which restructures Capital One's claim rather than curing and maintaining the contract. The Court should overrule the Objection.

## II. Background

2. On March 31, 2023, the Debtor and co-buyer Baneisha Wyche signed a Retail Installment Sale Contract to buy a 2019 Tesla Model 3, VIN 5YJ3E1EB2KF487608 (the

"Vehicle"), from 1Ownercar LLC for personal, family, and household use. The contract was assigned to Capital One, which holds a lien on the Pennsylvania title.

3. The Debtor filed this Chapter 13 case on July 1, 2026.

4. On the petition date, the Vehicle's odometer read approximately 96,903 miles.

5. The Debtor filed her First Amended Plan on July 3, 2026 (ECF No. 9) (the "Plan"). It pays Capital One's allowed secured claim of $18,670 in full with 8.75% present-value interest, for a total distribution of $23,118, provides that Capital One retains its lien, and treats the balance as a general unsecured claim. Plan, Parts 4(c), 5(b), 9(a).

6. The Plan itself serves as the motion to value the collateral: Part 9(a)(1) asks the Court to determine the allowed secured claim under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012 at confirmation.

7. On July 22, 2026, Capital One filed its proof of claim (Claim No. 6), asserting a $35,361.71 debt. Line 9 of the claim form values the Vehicle at $20,025, splits the claim into a $20,025 secured portion and a $15,336.71 unsecured portion, and lists $874.12 in prepetition arrears, with no appraisal, guide report, or other valuation support attached.

8. Capital One filed the Objection on August 6, 2026, attaching no evidence. It asserts that the Debtor has not shown the Vehicle is insured, that the Plan understates the $888.03 contract payment, that the Plan fails to treat the arrears, and that the Vehicle's approximate value is $20,025 based on the N.A.D.A. guide's estimate. It also asks the Court to dismiss or convert the case.

9. The CARFAX Value Report attached as Exhibit A, generated on the petition date, is keyed to the VIN and reports a retail value of $18,670, reflecting the Vehicle's previously recorded 49,119 miles, two owners, expired warranty, and November 2020 rear-end accident.

10. The Debtor's declaration (Exhibit C) authenticates the CARFAX report and proof of insurance (Exhibit B).

## III. Response to the Objection's Numbered Paragraphs

11. Paragraph 1 of the Objection is admitted.

12. Paragraph 2 is admitted, except that the Debtor incurred the debt under the Retail Installment Sale Contract with 1Ownercar LLC, which assigned it to Capital One.

13. Paragraphs 3 and 4 are admitted.

14. Paragraph 5 and its subparts are denied. To the extent subparts (b) and (c) state the $888.03 contract payment and the $874.12 arrears, those figures are admitted; that the Plan must provide for them is denied.

## IV. Argument

### A. The Plan's treatment satisfies § 1325(a)(5)(B) in every respect the Objection challenges.

15. The treatment described in Paragraph 5 of the Objection, with the deficiency paid pro rata under Part 5(b), is exactly what the Code prescribes for an allowed secured claim. § 1325(a)(5)(B). And because the collateral is a car rather than the Debtor's principal residence, the Plan may modify Capital One's rights. § 1322(b)(2).

### B. The Vehicle is insured.

16. Section 1326(a)(4) gave the Debtor sixty days from the July 1 petition to provide Capital One reasonable evidence of insurance; the Objection, filed on day thirty-six, was premature. The Vehicle is in any event insured: Progressive Advanced Insurance Co. covers it under policy number XXXXX4291 through November 4, 2026, with comprehensive and collision coverage, and the declarations page (Exhibit B), served with this response and authenticated by the

Debtor's declaration, provides that evidence. With the collateral insured and the Plan paying its full value with interest, Capital One is adequately protected.

**C. The 910-day rule does not bar bifurcation.**

17. The hanging paragraph after § 1325(a)(9) blocks bifurcation of a purchase-money vehicle claim only when the debt was incurred within the 910 days before the petition. Capital One's own claim attachments show that the Debtor incurred this debt on March 31, 2023, more than three years (1,188 days) before the petition. Section 506(a) therefore splits the claim: secured to the Vehicle's value, unsecured for the rest.

**D. The Plan need not separately cure the arrears.**

18. The Plan restructures Capital One's entire $35,361.71 claim under §§ 506(a) and 1325(a)(5)(B) rather than curing a default and maintaining payments under § 1322(b)(5). The $874.12 arrearage is part of the restructured claim, so nothing is left untreated, and the Plan's payment stream replaces the $888.03 contract payment.

**E. The Debtor's valuation evidence overcomes the bare number on the claim form.**

19. The measure is replacement value as of the petition date: for property acquired for personal, family, or household purposes, the price a retail merchant would charge "considering the age and condition of the property at the time value is determined." § 506(a)(2); see Assocs. Commercial Corp. v. Rash, 520 U.S. 953, 965 (1997) (adopting the replacement-value standard that § 506(a)(2) later codified). In re Heritage Highgate, 679 F.3d 132, 139–40 (3d Cir. 2012), adopts a burden-shifting framework for § 506(a) valuations under Rule 3012: once the objecting party produces sufficient evidence that the proof of claim overvalues the collateral, the ultimate burden of persuasion rests on the creditor to prove value by a preponderance of the evidence.

20. The Debtor has done far more than rebut the claimed value. She owns the Vehicle, may testify to its value, and states her opinion that it is worth no more than $18,670. Exhibit C; Fed. R. Evid. 701.

21. The CARFAX Value Report corroborates shows that the Vehicle (with roughly half the Vehicle's actual mileage) would command $18,670 at retail, so at 96,903 miles the replacement value is necessarily no more than that figure. Exhibit A; see also Fed. R. Evid. 803(17).

22. Against that, Capital One offers only the $20,025 typed on line 9 of its claim form: the Objection invokes the N.A.D.A. Used Car Guide but attaches no report and identifies no edition, trim, mileage, or condition inputs the Court or the Debtor could test.

23. On this record, the Court should fix the allowed secured claim at $18,670.

**F. The 8.75% rate exceeds what Till requires.**

24. The prime rate is 6.75%. Federal Reserve Statistical Release H.15, Selected Interest Rates (Aug. 28, 2026), https://www.federalreserve.gov/releases/h15/. The Plan's 8.75% rate is prime plus 2%, within the 1% to 3% range of adjustments that courts applying the formula approach have generally approved. See Till v. SCS Credit Corp., 541 U.S. 465, 480 (2004) (plurality opinion). Capital One will receive the full present value of its allowed secured claim.

**G. There is no cause to dismiss or convert.**

25. Capital One's request to dismiss this case or convert it to Chapter 7 under § 1307(c) identifies no cause for such drastic relief.

*[This space intentionally left blank.]*

## Conclusion

**FOR THOSE REASONS,** the Court should overrule the Objection in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: August 30, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad