<table>
<tr><td colspan="2">United States Bankruptcy Court<br>Eastern District of Pennsylvania</td></tr>
<tr><td>By: Michael I. Assad (#330937)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@assad.law<br>Attorney for Debtor</td><td>Case No.: 26-12819-pmm<br><br>Chapter: 13</td></tr>
<tr><td>In re: Kia Venay Hutchinson,<br><br>Debtor.</td><td>Hearing Date: 10/14/2026<br><br>Judge: Patricia M. Mayer</td></tr>
</table>

**Debtor's Verified Motion for Sanctions Against the Philadelphia Parking Authority for Violation of the Automatic Stay**

**AND NOW**, Debtor Kia Venay Hutchinson, through her attorney, moves for the entry of an order enforcing the automatic stay as to the Philadelphia Parking Authority ("PPA").

## I. Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

3. Venue is proper under 28 U.S.C. § 1409.

4. The Debtor consents to the entry of a final order by this Court.

5. The Debtor does not demand a jury trial in this contested matter.

## II. Background

6. The Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on July 1, 2026.

7. The Debtor owns a 2018 Jeep Grand Cherokee, VIN 1C4RJFCT2JC244732, which is registered with the Pennsylvania Department of Transportation under license plate LRT4299.

8. PPA administers Philadelphia's automated speed enforcement program, under which the owner of a vehicle is liable for a violation. 75 Pa. C.S. § 3370(b), (i)(2).

9. On June 18, 2026, thirteen days before the petition, PPA issued citation number 5072604424394 against the Debtor's vehicle for a speed camera violation. A true and correct copy of PPA's ticket detail page for that citation is attached as Exhibit A.

10. PPA's ticket portal reports the amount due on the citation as $120. Exhibit A.

11. On July 20, 2026, PPA filed proof of claim number 5-1 in this case.

12. On August 24, 2026, PPA mailed the Debtor a "Boot and Tow Eligibility Notice" (the "Notice"). A true and correct copy of the Notice is attached as Exhibit B.

13. The Notice demands payment of $120, supplies four methods of payment, and encloses a payment coupon.

14. The Notice states that the Debtor's vehicles have been assigned to PPA's boot and tow eligibility file, that various city agencies have been notified, and that her vehicle can be booted and towed.

15. The Notice states that a $20 late penalty has been added and that an additional $25 per violation will be charged if the Debtor does not pay within thirty days.

16. PPA has not sought relief from the automatic stay.

17. PPA's collection activity caused the Debtor to experience emotional distress, including stress, anxiety, and fear of losing her vehicle, and caused her to incur attorney's fees in connection with enforcing the automatic stay.

## III. Grounds for Relief

18. Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of any act to collect, assess, or recover a claim that arose before the case was filed.

19. PPA's claim on citation number 5072604424394 arose on June 18, 2026, before the petition.

20. PPA had actual notice of the bankruptcy no later than July 20, 2026, when it filed its proof of claim.

21. By mailing the Notice thirty-five days later, demanding payment, and threatening further charges and the impoundment of the Debtor's vehicle, PPA knowingly and willfully violated the stay under 11 U.S.C. § 362(k).

22. The Debtor is therefore entitled to actual damages, including damages for emotional distress and reasonable attorney's fees and costs.

## IV. Conclusion

**FOR THOSE REASONS**, the Debtor respectfully requests that the Court:

a. declare that PPA willfully violated the automatic stay under 11 U.S.C. § 362(k),

b. direct PPA to withdraw the Notice, to remove citation number 5072604424394 and notice number 45558261028394 from its boot and tow eligibility file, to reverse the late penalties charged on that citation, and to take no further action to collect any prepetition claim without first obtaining relief from the stay,

c. award actual damages, attorney's fees, and costs, and

d. grant such other and further relief in the Debtor's favor as may be necessary and proper under the law.

Date: 09/02/2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad

**Verification**

I am the debtor in this case. Under penalty of perjury, I verify that I have read this motion and that all factual allegations are true and correct to the best of my knowledge, information, and belief.

Date: 09/02/2026

/s/ Kia Venay Hutchinson
Kia Venay Hutchinson